## McGregor v. Davidson.

*Decedent's estate—Will—Rule in Shelley's case.*

A devise "to my son, Daniel, an undivided one-half interest in ninety-three acres of land situate, etc., during his natural life and then to go to his legal heirs," vests an absolute estate in fee simple in the devisee. It is clearly a case where the rule in Shelley's case must be enforced.

Argued May 7, 1900. Appeal, No. 222, April T., 1900, by defendant, in suit of D. T. McGregor against E. E. Davidson, from judgment of C. P. Indiana Co., March T., 1900, No. 222, on case stated in favor of plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Case stated. Before WHITE, P. J.

By agreement under the case stated it was provided that if the plaintiff, D. T. McGregor, by the will of his father, George McGregor, took and acquired an absolute estate in fee simple to the undivided one-half part of the land in question, then judgment be entered in favor of plaintiff; if not, judgment to be entered in favor of defendant.

Other material facts appear in the opinion of the court.

The court below entered judgment in favor of plaintiff on case stated. Defendant appealed.

*Error assigned* was in entering judgment in favor of plaintiff under provisions of the case stated.

*D. H. Tomb*, for appellant.—In Dull's Estate, 137 Pa. 112, after the granting of a life estate, it was held that the estate did not become absolute by force of the words "his heirs." This is almost a parallel case with the one in hand, and while the words used in this case seem to be words of inheritance the intention of the testator was sought and followed, and was decided to defeat the absolute estate under the above expression.

We are certainly of the opinion that where the clear intention of the testator is expressed as in the present case no mere technical term which happened to be used by this untutored scribner

should be allowed to change and defeat the clear wish and desire, as thus expressed by the individual who had full power and right to place his property where he wished.

There is nothing in the whole will which indicates that the testator intended to devise more than a life estate to Daniel T. McGregor, but on the contrary the entire tenor of the will is to preserve this estate from the creditors and from the disposition of Daniel T. McGregor, and place the same finally in the hands of his children.

*J. N. Banks*, for appellee, filed no paper-book.

OPINION BY W. D. PORTER, J., July 26, 1900:

Daniel T. McGregor acquired an estate in and entered into possession of the lands in question under the terms of his father's will. The language of the devise creating his estate is as follows, viz.: "I bequeath to my son, Daniel T. McGregor, an undivided one half interest in ninety-three acres of land situate in Pine township, said county, during his natural life, and then to go to his legal heirs." The will contained no added words of limitation, nor any provisions repugnant to the acceptance of the technical word "heirs," in its strict legal sense, such as were the subject of learned analysis in Guthrie's Appeal, 37 Pa. 9, Chew's Appeal, 37 Pa. 23, Taylor v. Taylor, 63 Pa. 481, and kindred cases. The intention of the testator is to be ascertained from the words employed by him in making the devise, and the words can have but one meaning. The purpose of the testator, as expressed in his will, was to give to Daniel an estate for life, with remainder in fee to his heirs, general. Those in remainder were to take as the heirs of Daniel, as the stock from whom alone they could inherit, and as the only source from which their inheritable blood could spring. The intention of the testator being thus clear, the rule in Shelley's case must be enforced. The remainder vested in Daniel T. McGregor, and he took an absolute estate in fee simple. This has been so often and so unequivocally decided that it is unnecessary to review the numerous cases cited in the opinion of Judge LIVINGSTON, adopted by the Supreme Court, in Grimes v. Shirk, 169 Pa. 74. The rule in Shelley's case has been criticised; Chief Justice GIBSON did not deem

it unworthy of him to vindicate it against its critics, in his day, in Hileman v. Bouslaugh, 13 Pa. 344, and the rule remains, a rule of property. It would seem to be in harmony with the institutions of a people who have insisted that land shall be freely alienable and an asset for the payment of debts, comdemned perpetuities and made impossible the creation of estates tail. It is not within our province to advise the abolition of a rule which perfectly fits in with a public policy so long and so well established; much less are we called upon to exercise legislative powers.

The judgment is affirmed.